NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0294n.06
Filed: April 18, 2005

Nos. 03-6656, 03-6657

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| **OCTAVIO MORENO-DELGADO,** also known | ) | **O P I N I O N** |
| as Benjamin Moreno-Delgado | ) | |
| | ) | |
| Defendant-Appellant. | | |

BEFORE:    BATCHELDER, and COLE, Circuit Judges; RUSSELL, District Judge.*

**R. GUY COLE, JR., Circuit Judge.**  Defendant-Appellant, Octavio Moreno-Delgado, pleaded guilty to illegal reentry of a deported felon.  During sentencing in the Tennessee district court, the district judge enhanced Moreno-Delgado's sentence based on his prior conviction for transporting aliens for profit under the U.S.S.G. § 2L1.2(b)(1)(A)(vii). On appeal, Moreno-Delgado argues that the Tennessee district court erroneously applied the sentence enhancement since his prior conviction should have been for transporting aliens, not for profit, which is an aggravated felony, and would require a lower sentence enhancement under U.S.S.G. § 2L1.2(b)(1)(C).  In addition, Moreno-Delgado argues that the Tennessee district court erred in imposing the maximum revocation

---

*The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation.

sentence under the guidelines.  Finally, Moreno-Delgado argues that his sentence violates *United States v. Booker*, --- U.S. ----, 125 S. Ct. 738 (2005).  For the reasons that follow, we **VACATE** and **REMAND** for resentencing consistent with the Supreme Court's decision in *Booker*.

## I.  BACKGROUND

On January 26, 2000, Octavio Moreno-Delgado pleaded guilty to transporting an alien within the United States in the United States District Court for the Southern District of Texas, a violation of 8 U.S.C. § 1324.  *See United States v. Moreno-Delgado*, Case No. 5:99CR00852-002 (S.D. Tex. judgment imposed Jan. 26, 2000).  The district court entered the judgment and listed the statutory violation as 8 U.S.C. § 1324(a)(1)(B)(i), a provision of the statute that sets out the proper penalty for smuggling an alien "for the purpose of commercial advantage or private financial gain."  The court described the nature of the offense as "transport an alien within the United States."

On July 14, 2003 Moreno-Delgado pleaded guilty to illegal reentry of a deported alien pursuant to 8 U.S.C. § 1326(a)(1) and (2) in the United States District Court for the Eastern District of Tennessee.  After Moreno-Delgado's guilty plea, the court obtained a Presentence Investigation Report, which recommended a 16-level enhancement based on Moreno-Delgado's prior conviction for transport of aliens for profit in the Southern District of Texas.  Moreno-Delgado objected to the report, arguing that his prior conviction was for the transport of aliens, but not for profit.  The district judge denied Moreno-Delgado's objections and imposed a 16-level enhancement consistent with U.S.S.G. § 2L1.2(b)(1)(A)(vii).  Accordingly, the court sentenced Moreno-Delgado to 57 months imprisonment and three years of supervised release for the illegal reentry offense.  Then, based on Moreno-Delgado's violation of his supervised release term, the court revoked Moreno-

Delgado's supervised release and sentenced him to 10 months imprisonment consecutive to his sentence.

On appeal, Moreno-Delgado argues that the district court erred in enhancing his sentence by 16 levels because his conviction in the Southern District of Texas for smuggling aliens for profit violated *Apprendi*. Moreno-Delgado contends that he only pled guilty to transporting aliens, rather than transporting aliens for profit, and consequently that his sentence should have been enhanced by 8 levels, the appropriate enhancement for transporting aliens, not for profit. In addition, Moreno-Delgado argues that the district court erred in imposing the maximum revocation sentence under the advisory guidelines when a lower sentence was permissible. Moreno-Delgado also argues that his sentence must be remanded in light of the recent Supreme Court decision in *Booker*, 125 S. Ct. at 738.

## II. ANALYSIS

**A. Sentencing Determination in Light of the Supreme Court's Decision in Booker**

Moreno-Delgado's sentence must be reexamined in light of the recent Supreme Court decision in *Booker*, 125 S. Ct. at 738. In *Booker*, the Supreme Court held that facts used to enhance a sentence above the statutory maximum, other than the existence of a prior conviction, must be determined by a jury pursuant to the Sixth Amendment. *Id.* at 756 (Stevens, J. for the Court). In addition, the Court held that the Sentencing Guidelines are advisory, rather than mandatory, in all cases. *Id.* at 769 (Breyer, J. for the Court).

On appeal, Moreno-Delgado argues that he raised an *Apprendi* challenge in the district court and therefore properly preserved the challenge, requiring *de novo* review. However, while Moreno-

Delgado raised an *Apprendi* challenge in the district court, that *Apprendi* challenge could not be considered by the district court as it amounted to a collateral attack on a prior judgment. *See infra* Section B. Therefore, since Moreno-Delgado did not raise an *Apprendi* challenge to the Tennessee district court's sentencing determination, thereby preserving the issue on appeal, the sentencing decision of the Tennessee district court must be reviewed for plain error. *United States v. Oliver*, 397 F.3d 369, 378 (6th Cir. 2005)

Moreno-Delgado pleaded guilty to illegal re-entry, which has a base offense level of eight under the sentencing guidelines. U.S.S.G. § 2L1.2(a). The district judge enhanced Moreno-Delgado's sentence by 16 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(vii), because Moreno-Delgado was deported after a conviction for an alien smuggling offense. This enhancement resulted in a guideline range of 57 to 71 months. The district judge imposed a sentence of 57 months. Next, the district judge imposed a sentence for Moreno-Delgado's violation of his supervised release. The guideline range for this offense was 4-10 months for a Grade B offender in Criminal History Category I. U.S.S.G. § 7B1.4. The district judge imposed a sentence of 10 months, to be served consecutive to Moreno-Delgado's 57-month sentence.

Moreno-Delgado advances two arguments in favor of remand. First, Moreno-Delgado argues his sentence violated the Sixth Amendment and therefore must be remanded pursuant to *Booker*. Second, Moreno-Delgado argues that his case must be remanded for resentencing "because the district court considered the guideline range as mandatory rather than advisory as now required by *Booker* . . . ." We consider each argument in turn.

First, Moreno-Delgado's sentence does not violate the Sixth Amendment. Where a district

court enhances a sentence based on facts not determined by the jury, and that enhancement results in a sentence above the maximum supported by the jury verdict, the sentencing determination violates the Sixth Amendment. *See Oliver*, 397 F.3d at 378-80. However, the nature or character of a prior conviction is not a fact that must be determined by a jury, and consequently, an enhancement based on a prior conviction does not implicate Sixth Amendment concerns. *See Booker*, 125 S. Ct. at 756; *United States v. Barnett*, 398 F.3d 516, 524-25 (6th Cir. 2005). In evaluating the appropriateness of the district court's sentencing determination, we will look only to facts determined by the Tennessee district court, not facts determined by the district court in Texas, because to examine the facts determined by the Texas district court would amount to a collateral attack on a prior judgment, which is not permitted. In determining the appropriate sentence, the Tennessee district judge made only one fact-based determination: that Moreno-Delgado had been previously deported after a conviction for an alien smuggling offense. However, since the nature or character of a prior conviction is not a fact that must be determined by a jury, the judge's determination of this fact did not implicate Sixth Amendment concerns. Consequently, Moreno-Delgado's conviction did not violate the Sixth Amendment.

Second, Moreno-Delgado argues that his sentence violates *Booker* because it was determined under a mandatory guideline scheme, rather than a discretionary guideline scheme, as required by the Supreme Court. We review this alleged violation for plain error.

The plain error doctrine requires reversal where there is an (1) error that is (2) plain, (3) affects substantial rights, and (4) seriously affects the "fairness, integrity, or public reputation of judicial proceedings." *Barnett*, 398 F.3d at 525 (quoting *Johnson v. United States*, 520 U.S. 461,

466 (1997).

The sentencing decision in this case meets all four criteria and consequently must be vacated. The district court treated the Sentencing Guidelines as mandatory rather than discretionary when it sentenced Moreno-Delgado. This constitutes error under the current law. *Barnett*, 398 F.3d at 526-30. This error is plain, because *Booker* made clear that the sentencing guidelines are advisory. *Id.* The error affected Moreno-Delgado's substantial rights. In other words, the error was prejudicial. While we ordinarily require a showing, beyond a reasonable doubt, that an error affected substantial rights, where, as here, such a showing would be exceedingly difficult, we will assume prejudice absent evidence to the contrary. *Id.* In this case, there is no evidence that the district judge would not have imposed a lower sentence under an advisory scheme, as a result, we may appropriately presume prejudice. Fourth, sentencing a defendant under a mandatory guideline scheme seriously affected the fairness, integrity of public reputation of judicial proceedings. *Id.* Therefore, we must vacate Moreno-Delgado's sentence and remand for resentencing.

**B. Sentence Enhancement**

Although we must remand this case for resentencing pursuant to *Booker*, the range under the Sentencing Guidelines is relevant to determination of an appropriate sentence. *Oliver*, 397 F.3d at 381. As a result, we will briefly address Moreno-Delgado's argument that the district court applied an improper sentence enhancement.

Moreno-Delgado argues that the district court erred in applying a 16-level enhancement for his prior conviction of transporting aliens for profit because his prior conviction violated *Apprendi*. Moreno-Delgado's argument, however, amounts to a collateral attack on a prior judgment, and is

consequently impermissible. *Custis v. United States*, 511 U.S. 485, 496-97 (1994) (holding collateral attacks on prior judgments impermissible except where the attack is based on the prior court's failure to appoint counsel). Since Moreno-Delgado's attack on the Texas district court judgment was not based on that court's failure to appoint counsel, the Tennessee district court's refusal to permit this collateral attack was proper.

The Supreme Court's recent decision in *Shepard v. United States*, 125 S. Ct. 1254 (2005) does not alter this conclusion. In *Shepard*, the applicability of a sentence enhancement was not clear from the existence of a prior conviction since the elements of the previous crime did not contain an element necessary for the later sentence enhancement. *Id.* at 1258. Thus, in that case, examination of additional documents such as the charging document, the plea agreement, and the transcript of the plea colloquy, would not constitute a collateral attack on the prior judgment because the presence or absence of the element would not alter the validity of that judgment.[**] Here, the elements of the crime for which Moreno-Delgado was convicted *contained* the necessary element for the sentence enhancement at issue. Moreno-Delgado pleaded guilty to violation of 8 U.S.C. § 1324(a)(1)(B)(i), an offense defined as smuggling aliens "for the purpose of commercial advantage or private financial gain." Therefore, the fact of that conviction alone was sufficient to determine the applicability of the "for profit" sentence enhancement in the instant case, and examination of additional documents questioning the validity of the prior judgment would constitute a collateral attack on that judgment.

We do not address Moreno-Delgado's arguments regarding the district judge's exercise of

---

[**]However, the *Shepard* Court concluded that the range of possible documents which could be considered in such an examination was limited. *Id.* at 1261, 1263; *see also Taylor v. United States*, 495 U.S. 574, 602 (1990).

discretion in giving him the maximum revocation sentence under the guidelines range since we remand for resentencing pursuant to *Booker*. On remand, we encourage the district court to explicitly state its reasons for applying particular guidelines and sentencing within the recommended guideline range, or in the alternative, for choosing to sentence outside that range. Such a statement will facilitate appellate review as to whether the sentence was "reasonable." *Booker*, 125 S. Ct. at 766 (Breyer, J., for the Court).

## III. CONCLUSION

For the reasons stated above, we **VACATE** and **REMAND** Moreno-Delgado's sentence for resentencing consistent with the Supreme Court's decision in *Booker*.

**ALICE M. BATCHELDER, Circuit Judge, Concurring.** I concur in the panel's decision to remand this case for re-sentencing because I agree that this circuit's post-*Booker* precedents require it. I write separately, however, to voice my disagreement with our unwarranted departure from traditional plain error review.

Justice Breyer's majority opinion in *Booker* requires us to apply *Booker*'s Sixth Amendment holding and its remedial interpretation of the Sentencing Act to all cases on direct review. *United States v. Booker*, 125 S. Ct. 738, 769 (2005). *Booker* stresses, however, that we are to "apply *ordinary* prudential doctrines . . . ," such as plain error review, to determine if re-sentencing is warranted. *Id.* (emphasis added). Ordinary plain error review requires a defendant to demonstrate that he was prejudiced by the error. *United States v. Olano*, 507 U.S. 725, 734 (1993). Nonetheless, in *United States v. Oliver*, 397 F.3d 369 (6th Cir. 2005), and in *United States v. Barnett*, 398 F.3d 516 (6th Cir. 2005), this circuit has, without justification from the Supreme Court, removed this burden from defendants seeking post-*Booker* re-sentencing.

In *United States v. Oliver*, we considered whether to re-sentence a defendant whose sentence violated the Sixth Amendment in light of *Booker*. Despite purporting to apply plain error review, we failed even to discuss, much less enforce, the defendant's traditional burden of proving that the district court's error prejudiced him. We decided that since Oliver received a sentence "beyond that which was supported by the jury verdict and [his] criminal history," he was necessarily prejudiced because he "*arguably* received a sentence that was longer than his sentence would have been absent a Sixth Amendment violation." *Oliver*, 397 F.3d at 379-80 (emphasis added). "Arguably" is not enough, however. Under the ordinary plain error review that *Booker* requires, 125 S. Ct. at 769, a

defendant bears the burden of proving that he was prejudiced by the error, *Olano*, 507 U.S. at 734:

i.e., that absent that error, he would more likely than not have received a lower sentence. By simply

ignoring this requirement, *Oliver* effectively holds that every Sixth Amendment violation in a

*Booker*-type case automatically prejudices a defendant, a holding that does not comport with

Supreme Court precedent.

In *United States v. Barnett*, we proceeded to contort plain error review in *Booker*-type cases

where there is no Sixth Amendment violation. The *Barnett* court not only eliminated a defendant's

traditional burden of proving prejudice as part of plain error review, but it placed this burden on the

government instead. *See Barnett*, 398 F.3d at 527-28 (presuming prejudice in *Booker*-type cases

where there is no Sixth Amendment violation). Contrary to *Barnett*'s implication, the Supreme

Court has never sanctioned reversing this burden. *See Olano*, 507 U.S. at 735 (refusing to address

whether some errors "should be presumed prejudicial if the defendant cannot make a specific

showing of prejudice"). In fact, in *Jones v. United States*, the Supreme Court explicitly refused to

remove the burden of proving prejudice from the defendant in *a death penalty case* involving

allegedly improper jury instructions. 527 U.S. 373, 394-95 (1999) ("Where the effect of an alleged

error is so uncertain, a defendant cannot meet his burden of showing that the error actually affected

his substantial rights."). Since the *Jones* Court did not think it improper to require a capital

defendant to show prejudice that could only manifest itself in secret jury deliberations, I cannot see

where we divine the authority to flip the prejudice burden in non-capital cases where the defendant

at least has the benefit of a sentencing transcript as evidence of the judge's sentencing intent.

I agree, however, that on the facts of *Moreno-Delgado*'s case, *United States v. Barnett*

requires that we remand the case for re-sentencing. Accordingly, I concur in the decision to remand.